## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | Laurel A. Bird | ) | CASE NO. | 17 B 02072 |
| | | ) | JUDGE | Deborah L. Thorne |
| | Debtor. | ) | CHAPTER | 13 |

## NOTICE OF MOTION

TO:   Please see attached service list

PLEASE TAKE NOTICE that on January 27, 2021 at 1:30 p.m., I shall appear before Bankruptcy Judge Deborah L. Thorne or any other Judge presiding in her place and present Debtor's 'Motion to Extend Time for Debtor to file Claim on behalf of Creditor', a copy of which is attached. At which time you may appear and object, if you so desire.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted.  To appear and be heard on the motion, you must do the following:

**To appear by video:** use this link: https://www.zoomgov.com.  Then enter the meeting ID.

**To appear by telephone:** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and Password:**  The meeting ID for this hearing is 160 9362 1728 – no password required. The meeting ID can also be found on Judge Thorne's web page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

The undersigned, an attorney, does hereby certify that a copy of this Notice and Motion was served to all entities on the attached service list, through ECF or at their respective addresses, postage prepaid, by depositing same in the U.S. Mail at 30 N. Michigan Avenue, Chicago, IL 60602, by 5:00 p.m. on January 6, 2021.


  /s/ Jean M. Huang
Jean M. Huang
ARDC # 6257533

The Law Offices of Stuart B. Handelman, P.C.
30 North Michigan Avenue, Suite 1603, Chicago, IL 60602

Service List
Laurel A. Bird
8428 W. Joliet Road
McCook, IL 60525

*Marilyn O Marshall, Chapter 13 Trustee
224 South Michigan, Ste 800
Chicago, IL 60604 *(Via ECF)

*Capital One Auto Finance
c/o AIS Portfolio Services LP
4515 N Santa Fe Ave Dept APS
Oklahoma City OK 73118 *(VIA ECF)

*Capital One Auto Finance,
C/o Capital One N.A
P.O. Box 165028
Irving TX 75016 *(VIA ECF)

Cook County Treasurer's Office
118 North Clark Street - Room 112
Chicago, IL 60602

Cook County Clerk
Tax Redemption Division
118 N. Clark Street, Room 434
Chicago IL 60602

Cook County Clerk
Tax Redemption Division
118 N. Clark Street
Chicago IL 60602

Cook County Clerk
Real Estate & Tax Svcs.
118 N. Clark Street, Room 434
Chicago IL 60602

Cook County Clerk's Office
Karen A. Yarbrough
69 W. Washington St., Ste. 500
Chicago, IL 60602

Cook County Clerk
C/o Interstate Funding Corp.
820 Church Street
Evanston, IL 60201

Cook County Clerk
C/o ICIB
180 N. LaSalle St., Ste. 1111
Chicago, IL 60607

AmeriCredit Financial Services, Inc.
Dba GM Financial
P O Box 183853
Arlington, TX 76096

LVNV Funding, LLC
C/o Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

AMITA Health
Adventist Medical Center
PO Box 9246
Oak Brook, IL 60522

Citibank
701 E. 60th Street N
Sioux Falls SD 57104

Citibank
C/o Blatt, Hasenmiller, Leibsker & Moore, LLC
10 S. LaSalle Street, Suite 2200
Chicago, IL 60603

Citibank
C/o Midland Funding, LLC
8875 Aero Drive, Suite 200
San Diego, CA 92123

Consulting Surgeons
911 B. Elm Street, Suite 215
Hinsdale IL 60521

Consulting Surgeons
C/o Merchants' Credit Guide Co.
223 W. Jackson Blvd., Suite 700
Chicago, IL 60605

Discover
P.O. Box 6103
Carol Stream IL 60197-6103

Discover
C/o Blitt & Gaines, P.C.
661 Glenn Avenue
Wheeling, IL 60090

Harvest Credit Management
Blatt, Hasenmiller et al
10 S. LaSalle St., Suite 2200
Chicago IL 60603

HSBC
Attn: Bankruptcy Department
P.O. Box 5213
Carol Stream IL 60197

HSBC
C/o First National Collection Bureau
610 Waltham Way
Sparks, NV 89434

Illinois Emergency Medicine B
P.O. Box 71402
Chicago IL 60694-1402

Kohl's
P.O. Box 3115
Milwaukee WI 53201

Kohl's
C/o Credit Collection Services
725 Canton Street
Norwood, MA 02062

MIDLAND FUNDING LLC
C/o MIDLAND CREDIT Mgt. Inc.
PO Box 2011
Warren, MI 48090

LaGrange Oncology Associates
1 Salt Creek Lane
Hinsdale IL 60521-2936

Suburban Radiologists, Sc
1446 Momentum Place
Chicago IL 60689-5314

SYNCB/Walmart
PO Box 965024
Orlando FL 32896

Katherine Campos
10105 West Plainfield Road
Countryside IL 60525

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | Laurel A. Bird | ) | CASE NO. | 17 B 02072 |
| | | ) | JUDGE | Deborah L. Thorne |
| | Debtor. | ) | CHAPTER | 13 |

## MOTION TO EXTEND TIME
## FOR DEBTOR TO FILE CLAIM ON BEHALF OF CREDITOR

The Law Offices of Stuart B. Handelman, P.C., attorneys for Laurel A. Bird ("Debtor"), request the entry of an Order extending time for Debtor to file a claim on behalf of creditor, The Cook County Clerk. In support of this motion Debtor states as follows:

1. That on January 24, 2017, Debtor filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code.

2. That on April 19, 2017, this Court confirmed Debtor's Chapter 13 plan, filed on January 24, 2017. The confirmed plan calls for a minimum of 36 monthly plan payments of $1,685.00, paying a disbursement of 100% to allowed claims.

3. That Schedule A of Debtor's bankruptcy petition reflects, in part, Debtor is the sole owner of the property located at 8428 W. Joliet Road, McCook, Illinois 60525 ("Residence"), and the Real Estate has a value of $144,900.00.

4. That Schedule D of Debtor's petition reflects, in part, that (a) there is no mortgage on the Residence and (b) the Cook County Clerk holds two (2) liens, secured by the Residence, totaling $56,059.79. Attached hereto, and labeled "Exhibit A", is Schedule D of the Debtor's bankruptcy petition.

5. That the above-referenced total debt owed to the Cook County Clerk in the amount of $56,059.79 is broken down as follows:

    a) $34,377.31, addressing sold taxes, for tax years: 2010, 2011, 2012 and 2013
    b) $21,682.48, addressing sold taxes, for tax years: 2014 and 2015.

6. That Debtor's confirmed plan Schedules payment of the above-referenced 5(a) and (b) above, at 0.0%, as follows:

    *3.1. Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a) Creditor: **Cook County Clerk**
Collateral: **8428 W. Joliet Road McCook, IL 60525 Cook County PIN # 18-11-130-016-0000**
Amount of secured claim: $ **21,682.48** APR **0.0** %
Fixed monthly payment: $ **230.00** ;
Total estimated payments, including interest, on the claim: **$21,682.48**.
☒ Check if non-PMSI

(b) Creditor: **Cook County Clerk**
Collateral: **8428 W. Joliet Road McCook, IL 60525 Cook County PIN # 18-11-130-016-0000**
Amount of secured claim: $ **34,377.31** APR **0.0** %
Fixed monthly payment: $ **362.00** ;
Total estimated payments, including interest, on the claim: **$34,377.31**.
☒ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be
$ **56,059.79** . [Enter this amount on Line 2c of Section H.]

7. That the redemption date for tax years 2010 – 2015 passed during the term of Debtor's currently active Chapter 13 case.

8. That one of Debtor's primary objectives in filing the instant case was to pay the pre-filing, sold, real estate tax debt, thereby avoiding the loss of the title to her Residence.

9. That the following entities received notice of Debtor's bankruptcy filing and proposed plan terms, by their inclusion on Schedule D of Debtor's petition: (a) Cook County Clerk, (b) Tax Buyer, InterState Funding Corporation and (c) Tax Buyer, ICIB.

10. That on August 22, 2017, the Cook County Treasurer's office filed a fully secured proof of claim in the amount of $35,448.86, reflecting an annual interest rate of 18.0%, for tax years 2010, 2012 and 2013. Attached hereto and labeled "Exhibit B" is the subject proof of claim.

11. That the claims filing deadline for all creditors, except governmental units was May 30, 2017.

12. That the claims filing deadline for governmental units was July 24, 2017.

13. That to-date, The Cook County Clerk's office has not filed a proof of claim in Debtor's case.

14. That, per the terms of the confirmed plan, The Chapter 13 Trustee disbursed (a) $21,682.48 funds to The Cook County Clerk and (b) $34,377.31 to The Cook County Treasurer. Attached hereto and labeled "Exhibit C" and "Exhibit D" are the 'claim details' for the subject disbursements, pulled from the National Data Center.

15. That as of the date this motion is filed, the Cook County Clerk's website reflects that the pre-filing, sold tax debt is not paid in full. There is a total balance of $13,069.01, broken down as follows:

    a) $3,753.13 for the second installment for tax year 2014
    b) $4,716.22 for the first installment for tax year 2015
    c) $4,599.66 for the second installment for tax year 2015

16. That attached hereto, and labeled "Exhibit E", is a printout of what is reflected on the Cook County Clerk's website for the subject tax years.

17. That Debtor's counsel believes the balance may be the result of application of the funds received from The Office of the Chapter 13 Trustee being applied to both principal and interest, leaving the above-referenced unpaid, pre-filing real estate tax installments, included in the Cook County Clerk's proof of claim.

18. That if a Discharge Order is entered in this case before the subject debt is paid in full, Debtor will lose title to her Residence, as the redemption date passed during the term of Debtor's currently active Chapter 13 case.

19. That during the months of November 2020 through January 2021, Debtor and Debtor's counsel attempted to communicate with The Cook County Clerk's office to obtain (a) the current status of any balance on the pre-filing tax debt and (b) a breakdown of application of the funds received from The Chapter 13 Trustee's Office.

20. That neither Debtor nor Debtor's counsel received a response from The Cook County Clerk's office, and this delay may be due to the various challenges presented by the Covid Pandemic.

21. That at the time of the filing of the instant motion, forty-eight months of the 60-month maximum plan term have passed, and debtor has paid into the plan $75,825.00.

22. That on December 31, 2020, The Office of the Chapter 13 Trustee, Marilyn O. Marshall, filed a "Notice of completion of plan payments'.

23. That in an effort to (a) avoid the loss of the title to her Residence, upon Discharge of Debtor's case and (b) pay the pre-filing, sold tax debt in full, Debtor proposes to (i) file a secured proof of claim on behalf of the Cook County Clerk, in the amount of $13,069.01, to be paid at 18% and (2) continue making her monthly plan payments of $1,685.00, effective January 2021.

24. That according to 11 U.S. Code Section 501, if a creditor does not timely file a proof of claim, the Debtor or the Trustee may file a proof of claim.

25. That according to Federal Rule of Bankruptcy Procedure 3004, if a creditor does not file a timely proof of claim, the Debtor or Trustee may file a proof of claim, within thirty (30) days after the expiration of the time for filing claims.

26. That the time for Debtor to file a proof of claim on behalf of creditor under Rule 3004 has expired. However, Debtor believes cause exists, specifically 'excusable neglect', to extend such time as permitted by Rule 9006(b): Debtor's counsel inadvertently believed

that the subject debt was being paid appropriately and therefore, allowed the deadline to pass, without filing the subject proof of claim.

27. That the addition of this debt will (a) not cause the plan term to be unfeasible/run beyond the sixty (60) month, maximum plan term and (b) will allow objectives of the confirmed plan to be reached: including payment of the pre-filing, sold real estate tax debt, thereby allowing Debtor to keep title to her residence after the successful completion of her case.

28. That Debtor requests that this Court (a) grant leave to Debtor to file a secured proof of claim on behalf of the creditor, until February 3, 2021, (b) direct the Chapter 13 Trustee to pay the proof of claim filed by Debtor, in accordance with the plan and (c) direct The Chapter 13 Trustee to withdraw the 'Notice of Completion of Plan Payment' filed in Debtor's case on December 31, 2021.

WHEREFORE, The Law Offices of Stuart Handelman, P.C. respectfully request the entry of an order: (1) granting leave to Debtor to file a proof of claim for unsecured debt in the amount of $13,069.01 on behalf of The Cook County Clerk, until February 3, 2021, (2) directing The Chapter 13 Trustee to pay the proof of claim to be filed by Debtor, in accordance with the plan, (3) directing The Chapter 13 Trustee to withdraw the 'Notice of Completion of Plan Payments' filed December 31, 2020, and (4) other relief as this Court deems appropriate.

/s/ Jean M. Huang
Jean M. Huang
One of the attorneys for Debtor

The Law Offices of Stuart B. Handelman, P.C.
30 N. Michigan Avenue, Suite 1603
Chicago, IL 60602
(312) 360-0500