**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 17-02072 |
| Laurel A. Bird | ) | |
| | ) | Chapter 13 |
| Debtor | ) | |
| | ) | Judge Deborah L. Thorne |

**MEMORANDUM OPINION**

Before the court for ruling is chapter 13 debtor Laurel A. Bird's motion to extend time for her to file a claim on behalf of creditor, Cook County Treasurer's Office. Modification of the County's claim would require the debtor to modify her plan to extend the payments. The debtor has already completed payments under her confirmed plan and, as a result she is not able to modify her plan under 11 U.S.C. § 1329(a). The debtor's motion is denied, but as explained below, the amounts listed on the County's website for the tax years in question are discharged as Cook County has received payment in full under the confirmed plan.

**Jurisdiction**

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334(a) and the district court's Internal Operating Procedure 15(a). This is a core proceeding under 28 U.S.C. 157(b)(2)(B).

**Facts**

The debtor filed a chapter 13 plan in January 2017 which was served on all creditors, including the Clerk of Cook County, Tax Redemption Division, 118 North Clark Street, Room 434, Chicago, Illinois.[1] The plan, as proposed and confirmed in April 2017, provided for payment of $56,059.79 to the Cook County Clerk (reflecting payment of $34,377.31 for property

---

[1] Two tax buyers, ICIB and Interstate Funding Corporation also received notice and a copy of the filed plan served on January 27, 2017.

taxes sold for tax years: 2010, 2011, 2012 and 2013, and $21,682.48 for tax years: 2014 and 2015). The proposed plan provided for payment of $56,059.79 at a rate of 0% interest. Cook County did not object to the plan or to the treatment of its claims in the plan.

After the plan was confirmed and nearly a month after the government bar date, Cook County filed a claim in the amount of $35,448.86 plus interest at 18% on August 22, 2017.

The debtor completed all payments required under the confirmed plan, including the payments of $56,059.79 to Cook County. On December 31, 2020, the chapter 13 trustee filed a notice of completed plan payments.

The Cook County Clerk's website now reflects that $13,069.01 is still owed for the years 2014 and 2015.[2] The debtor requests an order allowing her to file an amended claim on behalf of Cook County to pay the additional amount which may be attributable to the 18% interest the County claimed. The debtor fears she must pay these additional amounts and if not, that she will lose her residence because the residential redemption period ran during the term of the plan.

### Discussion

Under section 1327(a) of the Bankruptcy Code, "[t]he provisions of a confirmed plan bind the debtor and each creditor whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, accepted, or has rejected the plan." 11 U.S.C § 1327(a). "Confirmation is the bright line in the life of a Chapter 13 case at which all the important rights of creditors and responsibilities of the debtor are defined and after which all rights and remedies must be determined with reference to the plan." *In re Bruce,* 610 B.R. 603, 609, 2019 WL 5887173 at *4 (Bankr. W.D. Wis. Sept. 27, 2019) (internal quotation omitted); *In re Van*, 612 B.R. 893, 903 (Bankr. N.D. Ill. 2020).

---

[2] The debtor speculates that the remaining balance is a result of Cook County applying all payments received under the confirmed plan to both principal and interest and leaving a balance due.

As long as there is "adequate notice" to a creditor of the bankruptcy case, the plan is binding on that creditor. *In re Harvey*, 213 F.3d 318, 321 (7th Cir. 2000).  A confirmed plan acts as a court-approved contract that binds both the debtor and all the creditors.  In effect, a confirmed plan is a final order, with *res judicata* effect, and is imbued with the strong policy favoring finality. *Factors Funding Co. v. Fili (In re Fili),* 257 B.R. 370, 373 (1st Cir. BAP 2001(citations omitted).

The Supreme Court reinforced this principle in *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).  In *Espinosa*, the debtor proposed a plan which provided he would only repay the principal on his student loans, but the accrued interest on the loan would be discharged. The proposed plan was served on the student loan creditor, who filed a proof of claim including both the principal and the accrued interest. Absent objections, the bankruptcy court confirmed the plan.  After the debtor received the discharge, the student loan creditor challenged the confirmed plan by requesting that the discharge order be deemed void pursuant to Fed.R.Civ.P. 60(b)(4).  The student loan creditor claimed it was deprived of due process because the debtor did not file an adversary proceeding to determine whether the student loans should be discharged for undue hardship under section 523(a)(8) prior to the discharge order.  In its holding, the Supreme Court stated that "[a] proposed bankruptcy plan becomes effective upon confirmation. . . and will result in a discharge of the debts listed in the plan if the debtor completes the payments the plan requires. . ." *Id.* at 264, 130 S.Ct. 1367.

This direction from the Supreme Court in *Espinosa* should not be read narrowly, but should be read as "a robust confirmation that the effect of confirmation under §1327(a) really means what the Code says: 'The provisions of a confirmed plan bind the debtor and each creditor

. . . whether or not such creditor has objected to, has accepted, or has rejected the plan.'" Keith

M Lundin & William H. Brown, *Chapter 13 Bankruptcy,* 45h Edition, § 229.1 at ¶ [83], Sec.

Rev. Oct.8, 2010, www.Ch13online.com.; *In re Jimenez Galindez,* 514 B.R. 79, 96-97,

(Bankr.D.P.R. 2014); See also, *In re Diruzzo,* 527 B.R. 800 (1st Cir. BAP 2015)

In this case, Cook County had due process.  It received notice of the debtor's proposed

chapter 13 plan from the Bankruptcy Noticing Center in January 2017.  It did not object to the

debtor's plan.  After confirmation and after the bar date, it filed a proof of claim for $35,448.66

for tax years 2010 through 2013 with 18% interest.  The binding effect of the confirmed plan

trumped its claim.  The confirmed plan expressly stated the County would be paid at 0% interest.

The debtor has now fulfilled this obligations under the plan.  Any further claim for those tax

years is discharged.

Cook County is not now able to propose, by filing an amended claim, that it be treated

other than as provided in the plan. See *In re Van,* 612 B.R. 893, 903 (Bankr. N.D. Ill. 2020).  The

debtor is unable to do that either.  The plan was binding on the County and the debtor is

prohibited from modifying the plan to propose different treatment for the County. The plan is the

binding document.  Under section 1329(a), once the notice of final payments is filed on the

docket, no further modifications are allowed.

### Conclusion

The debtor's motion to extend the time to file a claim for Cook County is denied.  A

separate order will be entered consistent with this opinion.

Dated:  February 2, 2021

ENTER:

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge

4